(Reap. Dec. 8829)

VENETIANAIRE CORP. OF AMERICA *v.* UNITED STATES

Entry No. 711653, etc.

(Decided June 12, 1957)

*Fred Bennett* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

1. IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, defendant, subject to the approval of the court, that the reappraisement appeals listed above are limited to the articles of bamboo named on the invoices as follows: Bamboo Blinds (natural); Bamboo Blinds (green); Higo Drapery Panels; Higo Drapery Panels (fancy cotton tape); Higo Cafe Curtains.

2. IT IS FURTHER STIPULATED AND AGREED that at the time of the exportation of the said articles to the United States, such and similar merchandise was being freely offered for sale to all purchasers in the principal markets of the exporting country, Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States at the unit prices stated in the several invoices, less a 5% buying commission, net packed; that at the time of said exportation to the United States, the "foreign value", if any, as defined in Section 402 (c), Tariff Act of 1930, as amended, was not higher than said stipulated values.

3. That the said appeals for reappraisement are abandoned as to all items of merchandise except the articles of bamboo named in paragraph "1" hereof.

4. That said appeals for reappraisement may be submitted for decision on this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the bamboo blinds (natural); bamboo blinds (green); Higo drapery panels; Higo drapery panels (fancy cotton tape); and Higo cafe curtains here involved, and that such values were the unit prices stated in the several invoices, less a 5 per centum buying commission, net packed.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are dismissed.

Judgment will be entered accordingly.